**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Filing Date: _____    Docket #: _____

Debtor: **Ingemi, Anthony F. jr.**    Co-Debtor: _____

SS#: **5469**    SS#: _____

Address: **419 N. Cary Street**    Address: _____

**Brockton, MA  02302**    , _____

_____    _____

Debtor's Counsel:

**Norman Novinsky**
**Novinsky & Associates**
**1350 BELMONT STREET**
**brockton, MA  02301-4430**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Docket#:

DEBTORS:  (H) **Ingemi, Anthony F. jr.** _____  SS# **5469** _____
              (W) _____  SS# _____

I. PLAN PAYMENT AND TERM: Payment is based upon liquidation analysis for all property except land in New Hamphire which will be sold and paid to creditors as an additional dividend. Debtor will also surrender Chevrolet El Camino to secured creditor.

Debtor(s) shall pay monthly to the Trustee the sum of $ 1,028.00 for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
☐ ___ Months. The Debtor states as reasons therefore:

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **BAC Home Loans/Countrywide** | **First Mortgage on N. Cary Street, Brockton, MA** | **15,451.80** |
| | Total of secured claims to be paid through the Plan: $ | **15,451.80** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **BAC Home Loans/Countrywide** | **First Mortgage on N. Cary Street, Brockton, MA** |
| **GMAC Mortgage** | **Mortgage on 100 Prospect Street, Brockton, MA** |
| **M & T Bank** | **First Mortgage on 4 Main Street, Kingston, MA** |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**None**

iii. The arrears under the lease to be paid under the plan are _____.

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

| | | |
|---|---|---|
| **Town Of Kingston** | Water/Sewer Charges on Rental Property | **2,042.00** |
| | Total of Priority Claims to Be Paid Through the Plan: $ | **2,042.00** |

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees  (to be paid through the Plan): $ **0.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:  **New Hampshire Property (Approximately $85,000) to be Sold and Proceeds to go to Trustee to Pay Additional Dividend to Unsecured Creditors**

The general unsecured creditors shall receive a dividend of 13.71% of their claims.

A. General unsecured claims: $     41,966.**66**

B. Undersecured claims arising after lien avoidance/cramdown:

*BANK OF AMERICA/COUNTRYWIDE ("BANK OF AMERICA") IS THE HOLDER OF A SECOND MORTGAGE ON THE PROPERTY LOCATED AT 419 N. CARY STREET, BROCKTON, MA IN THE FACE AMOUNT OF $174,914.00 THAT WAS RECORDED WITH THE PLYMOUTH REGISTRY OF DEEDS ON APRIL 19, 2007 IN BOOK 34409 PAGE 74.*

*PURSUANT TO 11 USC SECTION 1322 (b)(2) THIS PLAN PROVIDES TO MODIFY THE CLAIM DUE BANK OF AMERICA AND TREAT SUCH CLAIMS AS AN UNSECURED CLAIM IN ITS ENTIRETY.  THE ORDER OF DISCHARGE TO BE ENTERED IN THIS CASE SHALL CONSTITUTE A DISCHARGE OF THE MORTGAGE HELD BY BANK OF AMERICA AND DESCRIBED HEREINABOVE.*

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **BAC Home Loans/Countrywide** | **Second Mortgage on residence at 419 N. Cary Street,** | **146,765.85** |

*GN MORTGAGE IS THE HOLDER OF A SECOND MORTGAGE, SERVICED BY SELECT LOAN SERVICING, ON THE PROPERTY LOCATED AT 100 PROSPECT STREET, BROCKTON, MA IN THE FACE AMOUNT OF $100,000.00 THAT WAS RECORDED WITH THE PLYMOUTH REGISTRY OF DEEDS ON OCTOBER 12, 2006 IN BOOK 33502 PAGE 332.*

*PURSUANT TO 11 USC SECTION 1322 (b)(2) THIS PLAN PROVIDES TO MODIFY THE CLAIM DUE GN MORTGAGE AND TREAT SUCH CLAIMS AS AN UNSECURED CLAIM IN ITS ENTIRETY.  THE ORDER OF DISCHARGE TO BE ENTERED IN THIS CASE SHALL CONSTITUTE A DISCHARGE OF THE MORTGAGE HELD BY GN MORTGAGE AND DESCRIBED HEREINABOVE.*

| | | |
|---|---|---|
| **Specialized Loan Servicing** | **Second Mortgage on 100 Prospect Street, Brockton, M** | **88,251.41** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | Total of A + B + C unsecured claims: $ | **276,983.92** |

D. Multiply total by percentage**:** $ **0.00**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ _____ **0.00**

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan: DEBTOR WILL SELL PROPERTY IN NEW HAMPSHIRE AND TURN PROCEEDS OVER TO CHAPTER 13 TRUSTEE. DEBTOR WILL SURRENDER CHEVROLET EL CAMINO TO SECURED CREDITOR.

B. Miscellaneous provisions:

VII. CALCULATION OF PLAN PAYMENT:

| | |
|---|---:|
| a. Secured claims (Section I-A Total): | $ **15,451.80** |
| b. Priority claims (Section II-A & B Total): | $ **2,042.00** |
| c. Administrative claims (Section III-A & B Total): | $ **0.00** |
| d. Regular unsecured claims (Section IV-D Total): + | $ **38,000.00** |
| e. Separately classified unsecured claims: | $ **0.00** |
| f. Total of a + b + c + d + e above: | $ **55,493.80** |
| g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: | $ **61,659.77** |

(This represents the total amount to be paid into the Chapter 13 Plan)

h. Divide (g) Cost of Plan by Term of Plan: **60** months
i. Round up to nearest dollar: Monthly Plan Payment: $ **1,028.00**

(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---:|---:|
| **6.3 acres of undeveloped land Perkins Land, lot 16, Holdre** | **85,000.00** | **0.00** |
| **Four family 100 Prospect Street, Brockton, Ma** | **230,000.00** | **363,131.22** |
| **Six unit building 4 Main Street, Kingston, Ma** | **434,150.00** | **394,174.68** |
| **Two family residence 419 N. Cary Street, Brockton, Ma** | **154,000.00** | **321,690.19** |

| | |
|---|---:|
| Total Net Equity for Real Property: | $ **124,975.32** |
| Less Total Exemptions (Schedule C): | $ **0.00** |
| Available Chapter 7: | $ **124,975.32** |

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---:|---:|---:|
| **1985 Chevrolet El Camino; 170,000 miles** | **2,275.00** | **0.00** | **2,275.00** |
| **1995 Chevrolet S10 pickup; 160,000 miles** | **325.00** | **0.00** | **325.00** |
| **2003 Harley Davidson Roadking; 31,000 miles** | **8,770.00** | **0.00** | **8,770.00** |

| | |
|---|---:|
| Total Net Equity: | $ **11,370.00** |
| Less Total Exemptions (Schedule C): | $ **11,370.00** |
| Available Chapter 7: | $ **0.00** |

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

| | |
|---|---:|
| Total Net Value: | $ **7,276.00** |
| Less Exemptions (Schedule C): | $ **7,276.00** |
| Available Chapter 7: | $ **0.00** |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **157,825.32**.

E. Additional Comments regarding Liquidation Analysis: **New Hampshire Property to be Sold and Proceeds to go to Trustee to Pay Additional Dividend to Unsecured Creditors**

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

_____
Date

_____
Debtor's Counsel

Attorney's Address:
**Norman Novinsky
Novinsky & Associates
1350 BELMONT STREET
brockton, MA  02301-4430**

Tel. # _____    Email Address: **nnovinsky@msn.com**_____

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

_____
Date

_____
Debtor

_____
Date

_____
Debtor